IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | |
| v. | Case No. 24-CR-031-JFH |
| KELLY DON GIRTY, | |
| DEFENDANT. | |

## OPINION AND ORDER

Before the Court is a Notice of Intent to Offer Evidence of a Criminal Conviction for Purposes of Impeachment ("Notice") filed by the United States of America ("Government") pursuant to Federal Rule of Evidence 609. Dkt. No. 18. Defendant Kelly Don Girty ("Defendant") has not filed an objection or otherwise responded to the Notice. Regardless, the Court must determine the admissibility of Defendant's prior criminal convictions pursuant to Fed. R. Evid 609.

## BACKGROUND

On March 13, 2024, Defendant was charged by indictment with two counts: 1) Possession of Unregistered Firearm, in violation of 26 U.S.C. §§ 5845, 5861(d), and 5871; and 2) Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dkt. No. 2. This matter is set on the Court's June 10, 2024 jury trial docket. Dkt. No. 25.

On March 26, 2024, the Government filed a notice pursuant to Fed. R. Evid. 609 of its intent to introduce Defendant's prior criminal convictions should Defendant testify at trial.[1] Dkt. No. 18. Defendant's prior criminal convictions consist of:

---

[1] The Government's notice states that it intends to introduce Defendant's prior criminal convictions only for purposes of impeachment. However, the Court notes that Defendant is

- Domestic Assault and Battery by Strangulation (felony), Malicious Injury to Property (misdemeanor), and Disruption of an Emergency Call (misdemeanor), Sequoyah County District Court Case No. CF-2019-532, October 9, 2019.

## ARGUMENT AND AUTHORITIES

Evidence of a felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). Evidence of any other crime, regardless of the punishment, "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

The Government seeks to introduce three prior criminal convictions, only one of which is a felony. Regarding the two misdemeanors, these shall be admitted if the elements of the crimes require proving a dishonest act or false statement. Fed. R. Evid. 609(a)(2). Neither the crime of malicious injury to property nor the crime of disruption of an emergency call require proof of an element involving dishonesty or false statement. *See* 21 O.S. §§ 1760, 1211.1; *see also United States v. Dunson*, 143 F.3d 1213, 1216 (10th Cir. 1998) (citing *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977) ("An absence of respect for the property of others is an undesirable character trait, but it is not an indicium of a propensity toward testimonial dishonesty.")).

---

charged with felon in possession of a firearm and, therefore, the Government will be required to prove that Defendant was previously convicted of a felony and that he was aware of such conviction at the time of possession in its case-in-chief. Absent a stipulation by the parties, the Government is entitled to use Defendant's prior felony conviction to establish these elements at trial. Regardless, this order addresses only the Government's intention to use Defendant's prior criminal convictions for purposes of impeachment under Fed. R. Evid. 609.

Therefore, the Court finds that evidence of Defendant's two prior misdemeanor convictions is not admissible under Fed. R. Evid. 609.

Regarding Defendant's prior felony conviction, evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). A "special balancing test" is used for defendant-witnesses because these litigants face "a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609, advisory committee's notes to the 1990 amendments). This balancing test has five factors:

(1) the impeachment value of the defendant's prior crimes;

(2) the dates of the convictions and the defendant's subsequent history;

(3) the similarity between the past crime and charged crime;

(4) the importance of the defendant's testimony; and

(5) the centrality of the defendant's credibility at trial.

*Id.* The Court will consider Defendant's prior felony conviction under each of the *Smalls* factors.

### A. Consideration of the *Smalls* factors

1. *Impeachment Value*

"In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). However, even if a defendant's prior convictions do not involve dishonesty or false statement, a defendant still may be impeached. *Id.* (citing *United States v. Verner*, No. 15-

CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) ("[I]t is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial."); *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)).

Defendant's prior felony conviction for domestic assault and battery by strangulation does not involve characteristics that go to Defendant's capacity for truthfulness. Therefore, the Court finds that this factor does not weigh in favor of admitting Defendant's prior felony conviction for purposes of impeachment.

   2. *Temporal Proximity*

Convictions more than ten years old are presumptively excluded, while convictions within the preceding ten years are considered on a case-by-case basis. *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2. However, the "probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id*. (internal citations omitted).

Defendant's prior felony conviction occurred in 2019, less than five years ago. The Court finds that this factor weighs in favor of admitting Defendant's prior felony conviction for purposes of impeachment.

   3. *Similarity*

"The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (internal citations omitted). "The greater the similarity of the charged crime to the past crime, the higher the likelihood that a

jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id*. (citing *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014); *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); *United States v. Willis*, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same)).

Defendant's prior felony conviction for domestic assault and battery by strangulation is not similar to the charged crimes of possession of unregistered firearm and felon in possession of a firearm. The Court finds that this factor weighs in favor of admitting Defendant's prior felony conviction for purposes of impeachment.

    4.  *Importance of Testimony*

"In considering the fourth factor, the importance of Defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause Defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3 (internal citations omitted). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id*.

Defendant is charged in this case with possession of unregistered firearm and felon in possession of firearm. Defendant's felon in possession charge indicates that Defendant is a convicted felon. Therefore, the fact that Defendant has a felony conviction, by itself, is not particularly prejudicial. However, the Court finds that the nature of Defendant's prior conviction may be prejudicial. Particularly, the violent nature of Defendant's prior felony conviction—assault and battery by strangulation—is prejudicial, in that it may invoke an emotional response

from jurors. For this reason, the Court finds that this factor does not weigh in favor of admitting Defendant's prior felony conviction.

> 5. *Centrality of Credibility*

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–*e.g.*, if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id*. (citing *Caldwell*, 760 F.3d at 288).

Defendant is charged with felon in possession of firearm and, at trial, the Government must prove that Defendant knowingly possessed a firearm and, at the time Defendant possessed the firearm, he knew he had been convicted of a felony. *See* Tenth Circuit Pattern Jury Instruction 2.44. Additionally, for Defendant's possession of an unregistered firearm charge, the Government must prove that Defendant knowingly possessed a firearm and that he knew of the specific characteristics or features of the firearm that caused it to be registrable. *See* Tenth Circuit Pattern Jury Instruction 2.91. These "knowingly" elements may make Defendant's credibility an issue at trial. For this reason, the Court finds that this factor weighs in favor of admitting Defendant's prior felony conviction for purposes of impeachment.

**B. Rule 609(a)(1)(B) Balancing**

Following a review of *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). Upon review of the

*Smalls* factors, the Court finds that the probative value of Defendant's prior felony conviction outweighs any potential prejudicial effect. Specifically, only two factors weigh against admissibility: impeachment value and importance of testimony. Regarding the impeachment value factor, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016)). Regarding the importance of testimony factor, the Court finds that a limiting instruction will be sufficient to ensure the jury will use evidence of Defendant's prior felony conviction only for purposes of impeachment under Fed. R. Evid. 609. *See Helmer v. Goodyear Tire & Rubber Co.*, 828 F.3d 1195, 1201 (10th Cir. 2016) ("We generally presume that juries follow the instructions given to them.") (internal quotations and citations omitted). Further, the centrality of Defendant's credibility at trial makes evidence of Defendant's prior felony conviction quite probative. Additionally, it is true that the Government will be required to prove Defendant's prior felony conviction in its case-in-chief. For these reasons, the Court finds that Defendant's prior felony conviction is admissible under Fed. R. Evid. 609 and, accordingly, the Court will allow the Government to introduce evidence of Defendant's prior felony conviction for assault and battery by strangulation for purposes of impeachment.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's prior criminal convictions as set forth in the Government's 609 Notice [Dkt. No. 18] are ADMISSIBLE IN PART AND INADMISSIBLE IN PART for purposes of impeachment as set forth in this Order.

DATED this 17th day of April 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE