**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-CR-031-JFH** |
| **KELLY DON GIRTY,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is an Opposed Motion to Dismiss Indictment for Failure to State an Offense ("Motion") filed by Defendant Kelly Don Girty ("Defendant").  Dkt. No. 21.  The United States of America ("Government") filed a response in opposition.  Dkt. No. 28.  For the reasons stated, the Motion is DENIED.

## BACKGROUND

On March 13, 2024, Defendant was charged by indictment with two counts:  1) Possession of Unregistered Firearm, in violation of 26 U.S.C. §§ 5845, 5861(d), and 5871, and 2) Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  Dkt. No. 2.  This matter is currently set on the Court's June 10, 2024 jury trial docket.  Dkt. No. 25.

## AUTHORITY AND ANALYSIS

In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms.  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).  *Bruen* did not concern a criminal statute.  Rather, it involved a challenge to federal firearms licensing.  *Id.*  The decision included a nuanced discussion of Second Amendment caselaw and announced a new rule for evaluating firearms regulation:  "[T]he government must

affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

Defendant moves for dismissal of the indictment based on *Bruen,* arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) violates the Second Amendment on its face.[1]  Dkt. No. 21 at 1-2.  Specifically, Defendant argues that under *Bruen*, the Government has not and cannot demonstrate that § 922(g) is "consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2.

In September of 2023, the Tenth Circuit issued an opinion addressing *Bruen*. *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023).  In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by previously convicted felons.  *Id*. at 1202.  The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent.  *Id*.  For this reason, Defendant's argument is foreclosed by *McCane* and *Vincent*.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [Dkt. No. 21] is DENIED.

---

[1]   Defendant seeks dismissal of the entire indictment based upon this argument.  However, Defendant is charged with two counts in the indictment: 1) possession of an unregistered firearm; and 2) felon in possession of a firearm.  Dkt. No. 2.  Defendant fails to explain how his *Bruen* argument applies to the possession of an unregistered firearm count.  For this reason, the Court does not address this either.

Dated this 17th day of April 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE